TORKILDSON, KATZ, MOORE,
HETHERINGTON & HARRIS,
Attorneys at Law, A Law Corporation

JOHN L. KNOREK           2968
CHRISTINE K. D. BELCAID 10125
700 Bishop Street, 15th Floor
Honolulu, HI  96813-4187
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendants
TRI-STAR RESTAURANT GROUP, LLC;
TRI-STAR RESTAURANT GROUP III, LLC
D/B/A/ SARENTO'S TOP OF THE 'I'; TRI-
STAR RESTAURANT GROUP III, LIMITED
LIABILITY COMPANY; TRI-STAR
RESTAURANT GROUP IV, LLC D/B/A
NICK'S FISHMARKET, MAUI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELLESAR M. TRAWICK, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>TRI-STAR RESTAURANT GROUP, LLC; TRI-STAR RESTAURANT GROUP III, LLC d/b/a/ SARENTO'S TOP OF THE 'I'; TRI-STAR RESTAURANT GROUP III, LIMITED LIABILITY COMPANY; TRI-STAR RESTAURANT GROUP IV, LLC d/b/a NICK'S FISHMARKET, MAUI; and | CV NO. _____<br><br><br>NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT; EXHIBITS "A" – "C"; CERTIFICATE OF SERVICE |

| JOHN DOES 1-10, JANE DOES 1-10, DOE LIMITED LIABILITY COMPANIES 1-10, DOE LIMITED LIABILITY CORPORATIONS 1-10, AND DOE OTHER ENTITIES 1-10, |
|---|
| Defendants. |

## NOTICE OF REMOVAL OF
## STATE COURT ACTION TO FEDERAL COURT

DEFENDANTS TRI-STAR RESTAURANT GROUP, LLC; TRI-STAR

RESTAURANT GROUP III, LLC D/B/A/ SARENTO'S TOP OF THE 'I'; TRI-

STAR RESTAURANT GROUP III, LIMITED LIABILITY COMPANY; TRI-

STAR RESTAURANT GROUP IV, LLC D/B/A NICK'S FISHMARKET, MAUI

("Defendants") by and through their undersigned attorneys, give Notice of

Removal to the United States District Court for the District of Hawai'i of the state

court action captioned *Elessar M. Trawick, individually and behalf of all others*

*similarly situated v. Tri-Star Restaurant Group, LLC, et al.*, Civil No. 17-1-1225-

07 VLC, filed in the Circuit Court of the First Circuit, State of Hawai'i.

Defendants make the Notice of Removal under 28 U.S.C. §§ 1331, 1367,

and 1441(a).  In support of this Notice of Removal, Defendants state as follows:

### BACKGROUND

1.     On July 25, 2017, Elessar M. Trawick, individually and behalf of all

others similarly situated ("Plaintiffs") filed a complaint ("Complaint") in Hawai'i

-2-

state court.  On August 21, 2017, Plaintiffs filed a first amended complaint ("First Amended Complaint") in Hawaiʻi state court.  The First Amended Complaint alleges: (a) Defendants administer an unlawful tip pool depriving tipped employees from receiving the full amount of tips owed to them (¶ 20); (b) Defendants violated Hawaiʻi state law by sharing tips with managerial employees who do not customarily and regularly receive tips, such as roving captains (¶ 21); (c) Defendants' tip pool is illegal as roving captains are actually assistant and general managers whose interactions with customers is *de minimis* (¶ 23); (d) Defendants do not maintain accurate records of all hours that Plaintiffs and the Class Members worked each workday and the total number of hours worked each workweek (¶ 25); (e) Defendants disregarded Hawaiʻi state law by failing to properly compensate Plaintiffs and Class Members (¶ 28); (f) Class Members were routinely splitting tips with managerial, non-tipped employees, and their hourly rates fell below the minimum wage even when including the tip credit (¶ 29); (g) Defendants' tip credit that is applicable to Plaintiffs and the Class Members failed to comply with Haw. Rev. Stat. Ann. ("HRS") § 387-2 because Defendants did not properly calculate the amount of wages owed to Plaintiffs and the Class Members (¶ 44); (h) Defendants failed to properly compensate Plaintiffs and the Class Members according to "the tip credit laws and regulations" (¶ 45); (i) Defendants intentionally failed to pay for all compensable time and wages because of an

-3-

invalid tip pool, improperly taking the tip credit, and failing to record and compensate all hours in violation of HRS § 388-2 (¶¶ 51, 55); (j) Defendants are not permitted by state or *federal* law, or by order of competent jurisdiction, to withhold or divert any portion of Plaintiffs and the Class Members' wages that concern this lawsuit (¶ 52); (k) Defendants failed to clearly disclose to Plaintiffs, the Class Members, and to Defendants' customers that a portion of the service charge was not distributed to the employees (¶¶ 57, 67, 68); (l) Defendants failed to distribute all of the service charge to the non-managerial employees who provided the service of the food and beverage to the customers, including Plaintiffs and the Class Members in violation of HRS §§ 481B-14, 480-2, and 388-6, which, in turn, causes Plaintiffs and the Class Members to be injured in their business or property within the meaning of HRS § 480-13 and entitles them to double damages plus interest under HRS Chapter 388 (¶¶ 58, 59, 60, 65, 66); (m) Defendants were in engaged in unfair methods of competition in violation of HRS § 480-2 (¶¶ 61, 62, 63); and (n) Plaintiffs are entitled to an enjoinment of Defendants' practice of retaining a portion of the service charge without clearly disclosing such retention to customers and an injunction (¶ 69).

2.      Defendants were served with the Complaint on August 8 and 9, 2017 and with the First Amended Complaint on August 25 and 31, 2017.  In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit A,

and a copy of the First Amended Complaint and Summons is attached hereto as Exhibit B.  Defendants answered the Complaint on August 25, 2017.  A copy of the Answer is attached hereto as Exhibit C.  These documents constitute all pleadings, process, and other documents served upon Defendants in this action. These documents were the initial pleadings served upon Defendants setting forth the claims upon which Plaintiffs' action is based.

## TIMELINESS OF REMOVAL

3.    Defendants acknowledged service of the First Amended Complaint on August 25 and 31, 2017.  This Notice of Removal is timely as it is filed within 30 days after service of the First Amended Complaint in accordance with 28 U.S.C. § 1446(b).

## FEDERAL QUESTIONS PRESENTED

4.    According to 28 U.S.C. § 1331 and under *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 314 (2005), Plaintiffs have asserted claims arising under federal law because all of the state claims necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.  The HRS Section 387 and 388 allegations are wholly dependent on and require an interpretation of the Fair Labor Standards Act ("FLSA") and the federal tip pooling law (29 C.F.R. § 203(m)) and regulations, or

-5-

are baseless because there is only a federal remedy for the alleged tip pooling infractions upon which the HRS §§ 387 and 388 claims depend.

5.     The following chart explains why the meaning of the FLSA is an essential element of the state law claims (excluding the service charge claims), the meaning of the FLSA is actually in dispute, and Plaintiffs cannot prevail on Counts I and II unless they prove an FLSA violation.  *See Grable*, 545 U.S. at 315; *Lockyer v. Mirant Corp.*, 2002 U.S. Dist. LEXIS 15733, at **14, 18 (N.D. Cal. 2002) (holding that remand is not proper because the plaintiffs could not establish violations without references to the standards established by the federal law).

| First Amended Complaint Paragraph | Allegation | FLSA Is Essential Element and FLSA Meaning Is in Dispute |
| --- | --- | --- |
| 20 | Defendants administer an unlawful tip pool depriving tipped employees from receiving the full amount of tips owed to them. | Hawaii law does not state who may lawfully participate in a tip pool; only the FLSA regulates this. |
| 21 | Defendants violated Hawaii state law by sharing tips with managerial employees who do not customarily and regularly receive tips, such as roving captains. | Hawaii law does not state who may lawfully participate in a tip pool; only the FLSA regulates this. |

| 23 | Defendants' tip pool is illegal as roving captains are actually assistant and general managers whose interactions with customers is *de minimis*. | Hawaii law does not state who may lawfully participate in a tip pool; only the FLSA regulates this. The "*de minimis*" analysis is the test under the FLSA. There is no such test under Hawaii law regarding tip pools. |
|----|----|----|
| 28 | Defendants disregarded Hawaii state law by failing to properly compensate Plaintiffs and Class Members. | Plaintiffs claim that because Defendants operated an invalid tip pool that included roving captains, Plaintiffs did not receive all the tips they were due. Hawaii law does not state who may lawfully participate in a tip pool; only the FLSA regulates this. |
| 29 | Class Members were routinely splitting tips with managerial, non-tipped employees, and their hourly rates fell below the minimum wage even when including the tip credit. | Plaintiffs allege that because some of their tips went to managers who were not lawfully permitted to participate in the tip pool, Plaintiffs' combined hourly rate plus tips fell below the minimum wage. Hawaii law does not state whether managerial employees may split tips with non-managerial employees; only the FLSA regulates this. |

| | | |
|---|---|---|
| 44 | Defendants' tip credit that is applicable to Plaintiffs and the Class Members failed to comply with Haw. Rev. Stat. Ann. ("HRS") § 387-2 because Defendants did not properly calculate the amount of wages owed to Plaintiffs and the Class Members | Plaintiffs allege that because Defendants operated an invalid tip pool by including roving captains, Defendants should not have taken a tip credit for Plaintiffs and thus owe Plaintiffs the tip credit.  Hawaii law does not state who may lawfully participate in a tip pool; only the FLSA regulates this. |
| 45 | Defendants failed to properly compensate Plaintiffs and the Class Members according to "the tip credit laws and regulations." | Plaintiffs are alleging that because Defendants operated an invalid tip pool that included managerial employees, Defendants should not have taken a tip credit for Plaintiffs and thus owe Plaintiffs the tip credit. Hawaii law does not state who may lawfully participate in a tip pool; only the FLSA regulates this. |
| 51, 55 | Defendants intentionally failed to pay for all compensable time and wages because of an invalid tip pool, improperly taking the tip credit, and failing to record and compensate all hours in violation of HRS § 388-2. | Whether the roving captains were properly included in the tip pool is a question that can only be answered by analyzing the meaning of the FLSA. |

55025/0005/2183089.V4
9/12/17

As such, either Plaintiffs' Counts I and II are artfully pled FLSA claims in an attempt to evade this Court's jurisdiction, or the resolution of those claims depends wholly on an interpretation of federal law (29 C.F.R. § 203(m)) and its regulations. This Court may exercise removal jurisdiction under the "artful pleading doctrine" even if a federal question did not appear on the face of the First Amended Complaint, which it does, because the right to relief depends on the resolution of a substantial, disputed federal question, and the claim is necessarily federal in character. *See T & E Pastorino Nursery v. Duke Energy Trading & Mktg, L.L.C.*, 268 F. Supp. 2d 1240, 1247 (S.D. Cal. 2003). In this case, removal is proper – regardless of the disguises Plaintiffs use to hide the true nature of their claims – because Plaintiffs' suit, although couched in terms of state law, is founded on and wholly derivative of federal law. *See Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998) ("Artful pleading exists where a plaintiff articulates an inherently federal claim in state-law terms."); *Olguin v. Inspiration Consol. Cooper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) ("A plaintiff may not, however, avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law."); *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (9th Cir. 1986) (The court upheld the removal on the ground that a federal question existed in that the plaintiff was actually challenging the employer's compliance

-9-

with federal income tax withholding laws, although the plaintiff filed a state court action against the employer for failure to pay the full wage agreed upon.).

6.    Significantly, Plaintiffs implicate the FLSA multiple times in the First Amended Complaint: (1) Paragraph 6 alleges that Defendants employ individuals within the meaning of 29 U.S.C. § 206; (2) Paragraph 7 alleges that Defendants' annual gross volume of business exceeds $500,000 (as required by the FLSA); (3) Paragraph 8 implicates 29 U.S.C. § 207(b)(3); and (4) Paragraph 52 states that Defendants are not permitted "by state or _federal_ law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiffs and the Hawai'i Class' wages that concern this lawsuit" (emphasis added).

7.    Further, Plaintiffs, by an alleging an HRS § 480-2 violation, implicate other federal laws in the First Amended Complaint: Paragraphs 60, 61, 62, and 63 implicate "the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended."  HRS § 480-2.

## SUPPLEMENTAL JURISDICTION

8.    The Court has supplemental jurisdiction of all other claims alleged in the First Amended Complaint under 28 U.S.C. § 1367, because Plaintiffs' Count III forms part of the same case or controversy under Article III of the United States Constitution.  Plaintiffs' state law claims share all common operative facts with

-10-

their federal law claims, and the parties are identical.  Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

## VENUE

9.     Venue lies in this District of this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2).  Plaintiffs originally brought this action in the Circuit Court for the First Circuit, State of Hawai'i, and a substantial part of the events or omissions giving rise to the claim occurred in this federal judicial district.

## NOTICE OF REMOVAL

10.     Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Circuit Court for the First Circuit, State of Hawai'i.

11.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" are attached as Exhibits A, B, and C.

12.     In compliance with 28 U.S.C. § 1446(b)(2), all defendants who have been properly joined and served have joined in and consent to the removal of the action.

WHEREFORE, Defendants request that the above action pending before the Clerk of the Circuit Court for the First Circuit, State of Hawai'i be removed to the United States District Court for the District of Hawai'i.

55025/0005/2183089.V4
9/12/17

DATED:  Honolulu, Hawai'i, September 12, 2017.

> TORKILDSON, KATZ, MOORE,
> HETHERINGTON & HARRIS,
> Attorneys at Law, A Law Corporation
>
>
> */s/ Christine K. D. Belcaid*
> JOHN L. KNOREK
> CHRISTINE K. D. BELCAID
> Attorneys for Defendants
> TRI-STAR RESTAURANT GROUP,
> LLC; TRI-STAR RESTAURANT
> GROUP III, LLC D/B/A/ SARENTO'S
> TOP OF THE 'I'; TRI-STAR
> RESTAURANT GROUP III, LIMITED
> LIABILITY COMPANY; TRI-STAR
> RESTAURANT GROUP IV, LLC
> D/B/A NICK'S FISHMARKET, MAUI

-12-