A COPY    X COPY

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2017 JUL 25 PM 3: 53

N. MIYATA
CLERK

**PERKIN & FARIA, LLLC**
JOHN FRANCIS PERKIN      1673
BRANDEE J.K. FARIA       6970
JAMES J. WADE            10516
841 Bishop Street, Suite 1000
Honolulu, Hawai'i 96813
Telephone : (808) 523-2300

**BERGER & MONTAGUE, P.C.**
Shanon J. Carson (PA 85957) (*Pro Hac Vice app. forthcoming*)
Sarah R. Schalman-Bergen (PA 206211) (*Pro Hac Vice app. forthcoming*)
Camille Fundora (PA 312533) * (*Pro Hac Vice app. forthcoming*)
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

Attorneys for Plaintiff ELESSAR M.
TRAWICK, individually and on behalf
of all others similarly situated.

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

17 - 1 - 1 2 2 5 - 0 7   vLC

| | |
|---|---|
| ELESSAR M. TRAWICK, individually and on behalf of all others similarly situated, ) | Civil No.: _____ (Class Action) |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |
| TRI-STAR RESTAURANT GROUP, LLC; ) | |
| TRI-STAR RESTAURANT GROUP III, ) | |
| LLC d/b/a/ SARENTO'S TOP OF THE 'I'; ) | |
| TRI-STAR RESTAURANT GROUP III, ) | |
| LIMITED LIABILITY COMPANY; TRI- ) | |
| STAR RESTAURANT GROUP IV, LLC ) | |
| d/b/a NICK'S FISHMARKET, MAUI; and ) | |
| JOHN DOES 1-10, JANE DOES 1-10, DOE ) | |
| LIMITED LIABILITY COMPANIES 1-10, ) | |
| DOE LIMITED LIABILITY ) | |
| CORPORATIONS 1-10, AND DOE ) | |
| OTHER ENTITIES 1-10, ) | |
| ) | |
| Defendants. ) | |

EXHIBIT "A"

## COMPLAINT

Plaintiff ELESSAR M. TRAWICK ("PLAINTIFF"), individually and on behalf of all persons similarly situated, file this Complaint against Defendants TRI-STAR RESTAURANT GROUP, LLC, TRI-STAR RESTAURANT GROUP III, LLC d/b/a/ SARENTO'S TOP OF THE 'I', TRI-STAR RESTAURANT GROUP III, LIMITED LIABILITY COMPANY, and TRI-STAR RESTAURANT GROUP IV, LLC d/b/a NICK'S FISHMARKET, MAUI, ("DEFENDANT" or "Tri-Star"), allege and aver as follows:

### Parties

1.      Plaintiff ELESSAR M. TRAWICK is, and at all times relevant hereto was, a resident of the County of Hawai'i, State of Hawai'i. Plaintiff was employed by Defendant as a waiter in Hawai'i between approximately February 2015 and December 2016. Pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

2.      At all times relevant hereto, Defendants TRI-STAR RESTAURANT GROUP, LLC, TRI-STAR RESTAURANT GROUP III, LLC d/b/a/ SARENTO'S TOP OF THE 'I', TRI-STAR RESTAURANT GROUP III, LIMITED LIABILITY COMPANY, and TRI-STAR RESTAURANT GROUP IV, LLC d/b/a NICK'S FISHMARKET, MAUI ("Defendant" or "Tri-Star") is a Hawai'i based restaurant group.  The conglomerate Tri-Star Restaurant Group, LLC oversees five restaurants in Maui and Oahu: Nick's Fishmarket Maui, Manoli's Pizza Company, Sarento's on the Beach, Sarento's Top of the "I", and Son'z Steakhouse.

3.      Defendant is incorporated in Hawai'i and maintains its corporate headquarters in Oahu, Hawai'i.

4.      Defendant employed Plaintiff and continues to employ similarly situated employees.

2

5.      Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. § 206.

6.      Defendant's annual gross volume of business exceeds $500,000.

7.      Defendant is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

8.      JOHN DOES 1-10, JANE DOES 1-10, DOE LIMITED LIABILITY COMPANIES 1-10, DOE LIMITED LIABILITY CORPORATIONS 1-10, AND DOE OTHER ENTITIES 1-10 ("Doe Defendants") are persons, partnerships, associations, companies, corporations, employers or co-employers, or entities whose names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff or their attorneys, except that Doe Defendants were and/or are connected in some manner with the named Defendant and/or were the agents, principals, parents, subsidiaries, servants, employees, representatives, co-venturers, associates, consultants, owners, lessees, lessors, guarantors, assignees, assignors, licensees, and/or licensors of Defendant and were or are in some manner presently unknown to Plaintiff, or their attorneys engaged, or involved in the activities alleged herein or responsible for the activities of which Plaintiff complain, or should be subject to the relief Plaintiff seek.  Plaintiff pray for leave to certify the true names, identities, capacities, activities and/or responsibilities of Doe Defendants when, through further discovery in this case, the same are ascertained.  Plaintiff have made a good faith effort to identify said Doe Defendants prior to filing the Complaint, including interviewing witnesses and reviewing documents and records on file with the Department of Commerce and Consumer Affairs and the Circuit Court of the First Circuit.

### Class Definitions

3

9.      Plaintiff brings Counts I and II of this lawsuit as a class action pursuant to Rule 23 of the Hawai'i Rules of Civil Procedure, on behalf of himself and all others who are similarly situated consisting of:

> All current or former non-managerial tipped employees of Tri-Star Restaurant Group ("Tri-Star") who performed work in Hawai'i at any time between July ___, 2011 and the present, who received tip credit reductions (the "Hawai'i Class").

10.      Plaintiff brings Count III of this lawsuit as a class action pursuant to Rule 23 of the Hawai'i Rules of Civil Procedure, on behalf of himself and all others who are similarly situated consisting of:

> All past and present non-management employees of Tri-Star Restaurant Group, LLC ("Tri-Star") who, on and after July ___, 2011 to the present, provided services in connection with the sale of food and/or beverage at Tri-Star for which a service charge or gratuity charge was: (a) imposed by Tri-Star without a clear disclosure to customers that, (b) less than 100% of the service charge or gratuity charge would be distributed to said non-management employees (the "Hawai'i Class").

11.      Plaintiff reserve the right to redefine the Hawai'i Class prior to class certification, and thereafter, as necessary.

### Facts

12.      Tri-Star employs Class Members throughout the Hawai'i.

13.      Tri-Star employs tipped employees, including waiters, bussers, bartenders, and bussers. The tipped employees, such as Plaintiff, are paid hourly and in tips pursuant to a tip pooling system.

14.      Between approximately February 2015 and December 2016, Plaintiff Trawick was employed by Tri-Star as a waiter.

15.      Throughout his employment with Tri-Star, Plaintiff participated in a tip pool which included the management employees.

16.      During the relevant time period, Tri-Star takes a tip credit from every tipped

4

employee for every hour a tipped employee works, including Plaintiff.

17.     For example, Tri-Star took a tip credit of $0.75 per hour from Plaintiff for the pay periods between August 16, 2016 and August 31, 2016, and between September 1, 2016 and September 15, 2016. During those pay periods, Plaintiff was paid below the minimum wage per hour less the tip credit.

18.     Tri-Star administers an unlawful tip pool depriving tipped employees from receiving the full amounts of tips owed to them.

19.     Tri-Star has violated Hawai'i state law by sharing tips with managerial employees who do not customarily and regularly receive tips, such as Roving Captains.

20.     Tri-Star's tip pool participants consist of hosts, stocker, bar, captain, rover, roving captain, front waiter, back waiter and busser.

21.     Tri-Star's tip pool is illegal as roving captains are actually assistant and general managers whose interactions with customers are *de minimus*. Roving captains are responsible for overseeing all of the restaurant's operations, the hiring and firing staff, purchasing food, supplies and equipment, and dealing with suppliers and vendors.

22.     Tri-Star knowingly allowed for roving captains to participate in the tip pool.

23.     Tri-Star does not maintain accurate records of all hours that Plaintiff and the Class Members worked each workday and the total number of hours worked each workweek.

24.     Tri-Star operates and manages all five of its restaurant locations in a similar manner.

25.     As a conglomerate business that operates five restaurant locations, there is no question that Tri-Star has access to human resources expertise and legal counsel who can advise Tri-Star on its Hawai'i state wage and hour compliance obligations.

26.     Tri-Star has acted willfully and/or with reckless disregard of the applicable Hawai'i state provisions, by failing to properly compensate Plaintiff and the Class Members.

27.     Moreover, during the entire relevant time period, Tri-Star was aware that Class Members were not properly compensated under Hawai'i state law, because the Class Members' tip allocation reports clearly demonstrate that they were routinely splitting tips with managerial non-tipped employees and their hourly rates fell below the minimum wage, even when including the tip credit taken by Tri-Star

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action as a class action pursuant to Haw. R. Civ. P. 23 on behalf of themselves and the Hawai'i Class defined above.

29.     The members of the Hawai'i Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Hawai'i Class.

30.     Plaintiff will fairly and adequately represent and protect the interests of the Hawai'i Class because there is no conflict between the claims of Plaintiff and those of the Hawai'i Class, and Plaintiff's claims are typical of the claims of the Hawai'i Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

31.     There are questions of law and fact common to the proposed Hawai'i Class, which predominate over any questions affecting only individual Hawai'i Class members, including, without limitation: whether Tri-Star has violated and continues to violate Hawai'i law through its policy or practice of not paying its tipped employees the required state minimum wage.

32.     Plaintiff's claims are typical of the claims of the Hawai'i Class in the following

6

ways, without limitation: (a) Plaintiff is a member of the Hawai'i Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Hawai'i Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Hawai'i Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Hawai'i Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Hawai'i Class members.

33.     Class certification is appropriate under Haw. R. Civ. P. 23(b)(3) because questions of law and fact common to the Hawai'i Class predominate over any questions affecting only individual Class members.

34.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Hawai'i Class is readily identifiable from Tri-Star's own employment records.  Prosecution of separate actions by individual members of the Hawai'i Class would create the risk of inconsistent or varying adjudications with respect to individual Hawai'i Class members that would establish incompatible standards of conduct for Tri-Star.

35.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the Hawai'i Class members, while substantial, are not great enough to enable them to maintain

separate suits against Tri-Star.

36.     Without a class action, Tri-Star will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Hawai'i Class. Plaintiff envision no difficulty in the management of this action as a class action.

## COUNT I

### Violation of the Hawai'i Wage and Hour Law
### (On Behalf Plaintiff and the Hawai'i Class)

37.     All previous paragraphs are incorporated as though fully set forth herein.

38.     The Hawai'i Wage and Hour Law ("WHL") requires that covered tipped employees be compensated at least the minimum wage for all hours worked. *See* Haw. Rev. Stat. Ann. § 387-2.

39.     The WHL also allows employers to take a tip credit, thereby paying the tipped employee less than the minimum wage, provided the employee "regularly receives more than $20 in tips a month and the combined amount of wages and tips is more than the applicable minimum wage." HWHL-1a; *see also* Haw. Rev. Stat. Ann. § 387-2.

40.     Tri-Star is subject to the wage requirements of the WHL because Tri-Star is an employer under Haw. Rev. Stat. Ann. § 387-1.

41.     During all relevant times, Plaintiff and the Hawai'i Class were covered tipped employees entitled to the above-described WHL's protections. *See* Haw. Rev. Stat. Ann. § 387-1.

42.     Tri-Star's tip credit that is applicable to Plaintiff and the Hawai'i Class failed to comply with Haw. Rev. Stat. Ann. § 387-2 as Tri-Star did not properly calculate the amount of wages owed to Plaintiff and the Hawai'i Class.

43.     Tri-Star failed to properly compensate Plaintiff and the Hawai'i Class according to

the tip credit laws and regulations. *See* Haw. Rev. Stat. Ann. § 387-2.

44.     Pursuant to Haw. Rev. Stat. Ann. § 387-12, employers, such as Tri-Star, who willfully fail to pay an employee wages in conformance with the WHL shall be liable to the employee for the wages or expenses that were not paid, liquidated damages, and court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II

### Violation of the Hawai'i Payment of Wages and Other Compensation Law (On Behalf Plaintiff and the Hawai'i Class)

45.     All previous paragraphs are incorporated as though fully set forth herein.

46.     The Hawai'i Payment of Wages and Other Compensation Law ("PWOCL") provides that an employer is obligated to pay all wages due to its employees. *See* Haw. Rev. Stat. Ann. § 388-1.

47.     Tri-Star is subject to the wage requirements of the WHL because Tri-Star is an employer under Haw. Rev. Stat. Ann. § 388-1.

48.     During all relevant times, Plaintiff and the Hawai'i Class were covered employees entitled to the above-described WHL's protections. *See* Haw. Rev. Stat. Ann. § 388-1.

49.     Tri-Star intentionally failed to pay the wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Hawai'i Class, in violation of Haw. Rev. Stat. Ann. § 388-2.

50.     Tri-Star is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff and the Hawai'i Class' wages that concern this lawsuit.

51.     Tri-Star does not have written authorization from any Plaintiff or Hawai'i Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

52.     Pursuant to Haw. Rev. Stat. Ann. § 388-11, employers, such as Tri-Star, who intentionally fail to pay an employee wages in conformance with the PWOCL shall be liable to the employee for the wages or expenses that were intentionally not paid, interests, court costs and attorneys' fees incurred in recovering the unpaid wages.

53.     Tri-Star is in violation of Hawai'i law by failing to properly pay Plaintiff and the Hawai'i Class for all compensable time and by failing to pay Plaintiff and the Hawai'i Class.

## COUNT III

### Violation of the Hawai'i Revised Statutes §481B-14
### (On Behalf Plaintiff and the Hawai'i Class)

54.     For banquets, events, meetings, room service, and in other instances, Tri-Star add a preset "service charge" to customers' bills for food and beverage provided by Tri-Star. At the vast majority of the aforesaid functions, Tri-Star charged the customer a "service charge" that was calculated as percentage of the total cost of food and beverage, typically ranging between 10% and 20%.

55.     Tri-Star failed to clearly disclose to Plaintiff, the Hawai'i Class and Tri-Star's customers that a portion of the service charge was not distributed to the employees.

56.     Tri-Star failed to distribute all of the service charge to the non-managerial employees who provided the service of the food and beverage to the customers, including Plaintiff and all other members of the proposed Hawai'i Class.

57.     Although in most or all instances a portion of the service charge was paid to Plaintiff and the other employees who rendered the service, in each instance at least a portion of the service charge was retained by the Hotel.

58.     The foregoing conduct by the Tri-Star occurred on multiple occasions. Each instance of said conduct – charging a service charge and retaining a portion thereof without clearly

disclosing such retention to the customer – was and is a violation of HRS § 481B-14, HRS § 480-2 (2002), and HRS § 388-6.

59.     By virtue of the aforesaid violations of HRS § 481B-14, Tri-Star is and/or was also engaged in unfair methods of competition in violation of HRS § 480-2, inasmuch as violations of any provision of Chapter 481B are deemed to be unfair methods of competition prohibited by HRS § 480-2.

60.     The competition in which Tri-Star is and/or was engaged or participating in competition with other providers of restaurant and banquet services, and competition with Plaintiff and the Hawai'i Class for tips and/or the service charge. Tri-Star derive an unfair advantage over their law-abiding competitors and Plaintiff and the Hawai'i Class by (a) lowering their overall costs through the means of retaining tip income due under law to Plaintiff and other Class members, (b) attracting customers by being able to offer customers seemingly lower "base" prices than law-compliant competitors through the retention of tip income, and (c) misleading customers into believing that the service charge would be paid as tip income and thereby obtaining the business of customers through an unfair and illegal business advantage over law-compliant hotels, restaurants and banquet service providers, and thereby obtaining the customers' monies at the expense of Plaintiff and the Hawai'i Class.

61.     These unfair competitive advantages were gained by Tri-Star at the direct expense of Plaintiff and other members of the Class, and Plaintiff and the Class members were injured as a result of Tri-Star' unfair method of competition and Tri-Star' unfair competitive behavior in the hotel food and beverage market.

62.     In the absence of the required disclosure to customers, all such service charges were payable in full to the employees who rendered the services, including Plaintiff and the Hawai'i

Class.

63.    Tri-Star has failed to pay the entire service charge to said employees, as a result of which Plaintiff and the Hawai'i Class have been injured in their business or property within the meaning of HRS § 480-13(a), each in amounts that shall be proved at trial but in excess of any minimum jurisdictional amount of this Court.  On information and belief, the wrongfully withheld service charges for Plaintiff's and the Hawai'i Class' claims, including all treble damages and attorneys' fees incurred as of the date of filing, is less than $75,000.  By virtue of the foregoing, Plaintiff and the Hawai'i Class are entitled to treble damages in accordance with HRS § 480-13(a).

64.    Tri-Star have failed to pay the entire service charge to said employees, as a result of which Plaintiff and the Hawai'i Class are entitled to full payment and double damages plus interest under HRS Chapter 388.

65.    Tri-Star's disclosures do not clearly disclose to the purchaser of the services that the service charge is being used to pay for costs or expenses other than wages and tips of employees and therefore violates the Hawai'i Revised Statutes.

66.    Tri-Star failed to make proper disclosures of the similar service charges for hotel dining events.

67.    For this reason, Plaintiff and the Hawai'i Class are entitled to (a) an enjoinment of Tri-Stars' practice of retaining a portion of the service charge without clearly disclosing such retention to customers is an unfair method of competition, and (b) an injunction prohibiting Tri-Star from further engaging in the practice.

WHEREFORE, Plaintiff, individually and on behalf of all those similarly situated, pray for relief as follows:

A.    An order permitting this litigation to proceed as a class action pursuant to Haw. R. Civ. P. 23 on behalf of the Hawaii Class;

B.     Damages against the Defendants in an amount to be determined at trial;

C.     Back pay damages (including unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

D.     Liquidated damages to the fullest extent permitted under the law;

E.     Double or treble damages as provided by law;

H.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

I.     Such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawai'i, July 25, 2017.

JOHN FRANCIS PERKIN
BRANDEE J.K. FARIA
JAMES J. WADE
SHANON J. CARSON
SARAH R. SCHALMAN-BERGEN
CAMILLE FUNDORA
Attorneys for Plaintiff ELESSAR M.
TRAWICK, individually and on behalf of all
others similarly situated